C INVESTMENT CORPORATION, PLAINTIFF-APPELLEE, *v.* TRUMBULL HOLDING COMPANY ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Trumbull County.

No. 1497.   Decided May 10, 1961.

*Messrs. Leffingwell & Weir,* for plaintiff-appellee.

*Mr. George D. Lewis,* for defendant-appellant Harvey M. Wedding.

*Mr. Donald P. Greiwe,* for defendant-appellee Albert G. Levine, and *Messrs. Hoppe, Day & Ford,* of counsel.

*Per Curiam.* This matter is before the court on appeal on questions of law by the defendant, Harvey M. Wedding, hereinafter called Wedding.

The action was originally an action to foreclose a note and mortgage. Appellant Wedding had assigned said note and mortgage to the plaintiff herein as a part payment on a land contract with reference to other property. Upon plaintiff filing the action against the defendant, Trumbull Holding Company, Wedding applied for and was given permission to intervene as a party defendant, and thereupon filed a cross-petition claiming damages against the plaintiff and another for a conspiracy arising out of the land contract that was not involved in this action.

The trial court upon examining the answer and cross-petition vacated the entry under which Wedding had been permitted to intervene in this matter.

Wedding is before us claiming that the vacation of the trial court's entry permitting his intervention is a final appealable order.

Intervention by a third party into a pending lawsuit is permissible only when the intervention imposes no new issues, does not delay the trial between the original parties, and when a complete determination of the pending matter can not be made without the intervenor's presence as a party. The intervenor must take the suit as he finds it, and may not change the issues between the parties or raise new issues. *Hurley* v. *Finley*, 126 N. E. (2nd), 513; *Cleveland Railway Co.* v. *Village of North Olmsted*, 130 Ohio St., 144.

We therefore find that the motion of the defendant-appellee, Albert G. Levine, for an order dismissing the appeal should be sustained for the reason that the order appealed from is not a final appealable order. The trial court's order vacating its entry which permitted Wedding to intervene was not a final appealable order since the answer and cross-petition thereafter filed did not show a substantial right of the intervenor to the relief prayed for in this action.

Appellant Wedding was not a proper or necessary party in this action, and the issues which he sought to raise by answer and cross-petition were unrelated to the issues or subject matter of this cause.

No substantial rights of the intervening defendant, the appellant here, have been adversely affected by the order ap-

pealed from. 2 Ohio Jurisprudence, page 609 and following. The appeal is therefore dismissed at the appellant's costs.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.